UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY VANDIVER,

    Plaintiff,

v.

CORIZON, LLC, *et al.*,

    Defendants.

Case No. 16-13926
Honorable Laurie J. Michelson
Magistrate Judge Elizabeth A. Stafford

---

**OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION
GRANTING DEFENDANTS' DISPOSITIVE MOTIONS [30, 36]**

---

Plaintiff Jerry Vandiver has diabetes. He is currently incarcerated at the G. Robert Cotton Correctional Facility in Jackson, Michigan. That facility declined to renew his special accommodation for a "keep on person" blood glucometer, which assists diabetics in regulating their glucose. So Vandiver brought this action against the State of Michigan, the Michigan Department of Corrections Bureau of Health Services, and Corizon, LLC, the health care provider at the facility, alleging disability discrimination. Vandiver also alleges that Defendants have denied him treatment for his Hepatitis C.

Defendant Corizon moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (R. 30.) The State of Michigan and the MDOC–BHCS filed a motion for summary judgment pursuant to Rule 56(a). (R. 36.) These motions (along with all pre-trial matters) were referred to Magistrate Judge Elizabeth A. Stafford. She recommends granting both dispositive motions. (R. 54.)

Now before this Court are Vandiver's six objections to the Report. (R. 60.) For the reasons set forth below, the Court overrules Vandiver's objections and accepts the recommendations in the Magistrate Judge's Report.

I.

Vandiver suffers from diabetes, Hepatitis C, hypertension, and peripheral disease. (R. 31, PID 279.) In 2014, Vandiver was housed at the Macomb Correctional Facility. After experiencing many instances of low blood sugar, including one incident where he slipped into a diabetic coma, Vandiver was given a blood glucometer with "keep on person" (KOP) supplies (which Vandiver refers to as a special accommodation). (R. 31, PID 280.)

In June 2016, Vandiver was transferred to the G. Robert Cotton Correctional Facility in Jackson, Michigan. (R. 31, PID 281.) After being transferred, Vandiver attempted to get his special accommodation for the KOP glucometer renewed. (R. 31, PID 281.) Vandiver alleges that Corizon, without a physical examination, refused to renew the accommodation. (R. 31, PID 290.) Corizon allegedly told Vandiver that the Michigan Department of Corrections Bureau of Healthcare Services (MDOC-BHCS) was taking blood glucometers away from all diabetic prisoners state-wide. (R. 31, PID 281.) But according to Vandiver, "a majority" of MDOC prisoners with special accommodations retained their blood glucometers. (R. 31, PID 281.) After losing his blood glucometer, Vandiver suffered multiple instances of hypoglycemia. (R. 31, PID 290.)

In November 2016, Vandiver sued. He brought claims under the Eighth Amendment, the Americans with Disabilities Act, as well as a claim for intentional infliction of emotional distress. (R. 1.) Vandiver alleged that the Defendants denied medical treatment solely because of his

disability, treated him with deliberate indifference, and lacked a rational basis for taking away his glucometer. (R. 1.)

In March 2017, Vandiver filed an amended complaint. (R. 31.) In it, he restates his ADA claim against the two State Defendants, and adds an ADA claim based on State Defendants' failure to treat his Hepatitis C. He also reasserts his Eighth Amendment claim against Corizon and appears to add an Eighth Amendment claim against Corizon for its alleged failure to treat his Hepatitis C. (R. 31, PID 295–99.) Vandiver also asserts a claim for intentional infliction of mental and emotional distress (IIED) based upon Defendants' treatment of his diabetes and withholding of medical treatment for his Hepatitis C. (R. 31, PID 299–302.)

On March 13, 2017, Defendant Corizon moved to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (R. 30.) Nearly a month later, the State of Michigan and the MDOC-BHCS filed a motion for summary judgment. (R. 36.) On September 12, 2017, the Magistrate Judge issued a Report and Recommendation recommending that both dispositive motions be granted. (R. 54.)

## II.

### A.

Vandiver raises six objections to the Report and Recommendation. (R. 60.) They will be reviewed *de novo*, 28 U.S.C. § 636(b); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). But "The Court is not obligated to review the portions of the report to which no objection was made." *Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012) (citing *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985) ). For the sake of clarity and organization, some objections will be combined and addressed out of order.

3

**III.**

**A.**

Vandiver's first and second objections are to the Magistrate Judge's determination that there were no issues of material fact regarding Vandiver's ADA claim of intentional discrimination based on Defendants' denial of a KOP glucometer. (R. 60, PID 669–84.) Vandiver brought this claim against only the State of Michigan and the Michigan Department of Correction's Bureau of Health Services. The State Defendants brought a motion for summary judgment, therefore the *de novo* review will be pursuant to Rule 56(a).

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material only if it might affect the outcome of the case under the governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). On a motion for summary judgment, the court must view the evidence, and any reasonable inferences drawn from the evidence, in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citations omitted); *Redding v. St. Eward*, 241 F.3d 530, 531 (6th Cir. 2001).

To begin, the Court must determine whether the ADA claims are barred by sovereign immunity. *See Mingus v. Butler*, 591 F.3d 474 (6th Cir. 2010). The United States Supreme Court has held that "insofar as Title II [of the ADA] creates a private cause of action for damages against the States for conduct that actually violates the Fourteenth Amendment, Title II validly abrogates state sovereign immunity." *United States v. Georgia*, 546 U.S. 151, 159 (2006). To guide the lower courts in assessing whether the Eleventh Amendment proscribes an ADA Title II claim, the Supreme Court has set forth a three-part test: "determine . . . on a claim-by-claim basis (1) which

aspects of the State's alleged conduct violated Title II; (2) to what extent such misconduct also violated the Fourteenth Amendment; and (3) insofar as such misconduct violated Title II but did not violate the Fourteenth Amendment, whether Congress's purported abrogation of sovereign immunity as to that class of conduct is nevertheless valid." *Id*.

The Court must first determine whether the State Defendants' conduct violated Title II of the ADA. *See Mingus*, 591 F.3d at 482. Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. "The ADA applies to both federal and state prisons." *Mingus*, 591 F.3d at 482 (citing *Pennsylvania Dep't of Corr. v. Yeskey*, 524 U.S. 206, 209–10 (1998)). To establish a Title II violation, Vandiver must show that he "(1) has a disability; (2) is otherwise qualified; and (3) was being excluded from participation in, denied the benefits of, or subjected to discrimination under the program because of [his] disability." *Anderson v. City of Blue Ash*, 798 F.3d 338, 357 (6th Cir. 2015). "Importantly, to show that the exclusion was 'by reason of' his disability, plaintiff must establish that his disability 'actually play[ed] a role in the . . . decision making process and [had] a determinative influence on the outcome." *Annabel v. Heyns*, No. 12-13590, 2014 WL 1207802, at *5 (E.D. Mich. March 24, 2014) (quoting *Pinkerton v. Spelling*, 529 F.3d 513, 519 (5th Cir. 2008)).

In his amended complaint, Vandiver alleges that he is wheelchair bound, a double amputee, is legally blind, and has diabetes. (R. 31, PID 291; R. 47, PID 541.) He argues that he was "denied the opportunity to benefit" from the KOP blood glucometer "solely" because of his "diabetes disability." (R. 31, PID 290–91.)

Vandiver objects to the Magistrate Judge accepting the State Defendants' reason for refusing Vandiver a blood glucometer and finding that Vandiver did not establish that he was denied a glucometer because of his disability. (R. 60, PID 676–84.) Vandiver contends that the affidavit he attached to his summary judgment response creates a material issue of fact. (R. 60, PID 682.). The Court disagrees.

In support of their motion for summary judgment, the State Defendants provided an affidavit from the Assistant Chief Medical Officer for MDOC. He noted from his review of Vandiver's electronic medical records that Vandiver's onsite medical provider had advised against renewing his KOP glucometer because "with his eye problem he should not handle [a] glucometer at this time." (R. 36-2, PID 351.) The State Defendants also attached a summary report from one of Vandiver's visits to health care services for low blood sugar. The document further explains that Vandiver was not given a glucometer for "safety reasons" – due to his "eye problems/blurring of vision" "he can prick wrong or see the readings wrong." (R. 36-2, PID 360.) The Assistant Chief Medical Officer also averred that health services staff had monitored and would continue to monitor Vandiver's glucose levels and that "access to the personal KOP glucometer did not assist [Vandiver] in achieving good control over his diabetes." (R. 36-2, PID 351–52.)

The Magistrate Judge correctly determined that Vandiver's affidavit did not create a genuine issue of material fact as to whether these reasons were pretext for discrimination. Vandiver states that Defendants never told him he was being denied a glucometer because of his vision and resulting safety concerns. (R. 47, PID 535.) Instead, Corizon told him that MDOC-BHCS was taking away all blood glucometers state-wide. (R. 47, PID 536.) He also asserts that their reason is simply not true: he can see his glucometer with a magnifying glass and was able to use it when

he was previously prescribed one. (R. 47, PID 538.) In fact, after this lawsuit was filed, he was again provided a glucometer and can use it with the assistance of his magnifier. (R. 47, PID 541.)

But "[i]t is not enough . . . to *dis*believe the [defendant]; the factfinder must *believe* the plaintiff's explanation of intentional discrimination." *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 519 (1993). Here, the essence of Vandiver's claim is that other diabetic inmates are being given glucometers and thus he is being treated differently than "other insulin dependent diabetic [sic] or prisoners with fewer, or less serious diabetic illness of disabilities." (R. 47, PID 530.) But as the Magistrate Judge correctly found, "[Vandiver's] allegation that similarly-situated diabetic inmates received KOP glucometers undercuts his claim that he was denied a KOP glucometer *because of* his diabetes." (R. 54, PID 633.) In other words, Vandiver's reliance on other diabetics being given a glucometer does not create a genuine issue of material fact that he was denied one because of his diabetes. This is fatal to establishing that he was denied a service or discriminated against *because of* his disability and thus to establishing a Title II claim.

As Vandiver has not made out a Title II claim, he cannot get past step one of the *Georgia* test. And so the Magistrate Judge properly found that summary judgment should be granted on Vandiver's ADA claims.

Vandiver's first and second objections are OVERRULED.

**B.**

Vandiver's fourth objection is that the Magistrate Judge improperly considered his "failure to treat" claim as an Eighth Amendment claim when he intended that issue be treated as an ADA/Rehabilitation Act claim. (R. 60, PID 688–90.)

7

Vandiver alleges that the State Defendants violated the ADA and Rehabilitation Act because they knew about his medical needs and were deliberately indifferent to them by refusing him a blood glucometer. (*See* R. 31, PID 295–99; R. 60, PID 688–90.)

But this is the two-part test of an Eighth Amendment failure to treat claim. *See Bruederle v. Louisville Metro Gov't*, 687 F.3d 771, 776 (6th Cir. 2012). And Vandiver does not provide legal support for his claim that the State Defendants' "deliberate indifference" to his medical care is actionable under Title II of the ADA or the Rehabilitation Act. Indeed, he would have difficulty doing so. Numerous courts have found that "challenges to the extent or quality of [] medical care" "do not state a claim under the ADA or Section 504." *Carter v. Michigan Dept. of Corr.*, No. 12-12621, 2013 WL 5291567, at * 15 (E.D. Mich. Sept. 19, 2013); *see also Simmons v. Navajo Cnty., Ariz,* 609 F.3d 1011, 1021 (9th Cir. 2010) (affirming summary judgment on plaintiff's ADA claim that he was denied outdoor recreation after his placement on suicide watch because "The ADA prohibits discrimination because of disability, not inadequate treatment for disability")*; Fitzgerald v. Corr. Corp. of America*, 403 F.3d 1134, 1144 (10th Cir. 2005) (affirming dismissal of ADA and Rehabilitation Act claims as "the term otherwise qualified cannot ordinarily be applied in the comparatively fluid context of medical treatment decisions without distorting its plain meaning" and that "[w]here the handicapping condition is related to the condition(s) to be treated, it will rarely if ever be possible to say [] that a particular decision was discriminatory") (internal quotations omitted)*; Jones v. Rutherford*, 546 F. App'x 808, 811–12 (11th Cir. 2013); *Althouse v. Roe*, 542 F. Supp.2d 543, 547 (E.D. Tex. 2008). As the Seventh Circuit explains, "courts have labored mightily to prevent the transformation of the Eighth Amendment's cruel and unusual punishments clause into a medical malpractice statute of prisoners. We would be exceedingly

surprised to discover that Congress has made an end run around these decisions in the Americans [w]ith Disabilities Act." *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996).

In *Carrion v. Wilkinson*, 309 F. Supp. 2d 1007, 1016 (N.D. Ohio 2004), an inmate was challenging his denial of a diabetic diet. *Id*. The court, in dismissing his claim, found that "[t]he ADA and Rehabilitation Act afford disabled persons legal rights regarding access to programs and activities enjoyed by all, but do not provide them with a general federal cause of action for challenging the medical treatment of their underlying disabilities." *Id*. (quotations omitted).

This case law supports that challenging alleged inadequate medical care is better suited to an Eighth Amendment claim. *See Rashad v. Doughty*, 4 F. App'x 558, 560–61 (10th Cir. 2001) (dismissing plaintiff's ADA claim for inadequate treatment of his post-traumatic stress disorder and finding that the claim was more properly brought as an Eighth Amendment claim). Vandiver cannot avoid the State Defendants' sovereign immunity against such a claim by recasting it as one under the ADA.

Vandiver's fourth objection is OVERRULED.

## C.

Vandiver's sixth objection is to the Magistrate Judge's finding that "Corizon can only be held liable accountable under a theory of municipal liability. (R. 60, PID 696–98.) He appears to put forth two arguments: (1) that the Magistrate Judge was incorrect; and (2) that he established that Corizon acted pursuant to a policy or custom in refusing his glucometer. (R. 60, PID 696–98.)

Because Corizon brought a motion to dismiss, the Court will review this portion of the Report according to Rule 12(b)(6). Thus, the plausibility standard articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009), governs. Pleadings filed by pro se litigants are held "to less stringent standards than formal pleadings drafted by

9

lawyers." *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). But "[l]iberal construction does not require a court to conjure allegations on a litigant's behalf." *Martin v. Overton*, 391 F.3d 710, 713 (6th Cir. 2004) (quoting *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001)).

"As a private entity contracted to perform the traditional state function of prison medical care, Corizon may be sued for constitutional violations." *Baker v. Stevenson*, 605 F. App'x 514, 520 (6th Cir. 2015). "Corizon cannot be held liable on a theory of respondeat superior, but it can be held liable on the basis of a corporate policy, practice, or custom that causes the plaintiff's injury." *Id.*; *see also Johnson v. Karnes*, 398 F.3d 868, 877 (6th Cir. 2005). Thus, Plaintiff must allege "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance [of] or acquiescence [to] federal rights violations." *Ambrosio v. Marino*, 747 F.3d 378, 386 (6th Cir. 2014) (internal quotations omitted).

In his amended complaint, Vandiver alleges that Defendants "made an agreement to implement and enforce a policy and practice of deliberate indifference towards the serious health care needs of prisoners who suffer from diabetes disabilities." (R. 31, PID 285.) This bare allegation, without additional factual support, does not meet the pleading standards necessary to survive a motion to dismiss. *Iqbal*, 556 U.S at 678 (quoting *Twombly*, 550 U.S. at 557). Nor does it establish any policy or custom regarding the distribution of blood glucometers. Indeed, Vandiver's allegation that other prisoners received glucometers undercuts any such policy allegation. *Id.* at 679, 683. Therefore, Vandiver's sixth objection is OVERRULED.

**D.**

Vandiver's third objection is to the Magistrate Judge's determination that Vandiver did not assert a claim based on his Hepatitis C treatment in his amended complaint. (R. 31, PID 684–88.)

Vandiver is correct that this finding was in error. Counts IV and V of the amended complaint seek to raise claims relating to his Hepatitis C treatment. (*See* R. 31, PID 295-99, 300–302.) While far from clear, the essence of Vandiver's claim in Count IV appears to be another "failure to treat" claim cast as an ADA claim against the State Defendants and an Eighth Amendment claim against Corizon. (*See* R. 31, PID 295-99.) Count V raises an intentional infliction of emotional claim based upon the alleged lack of treatment for his Hepatitis C. (R. 31, PID 299–302.) But this does not mean the claims are viable.

As discussed above, substantial case law disfavors permitting "failure to treat" claims under the ADA. *See Carrion*, 309 F. Supp. 2d at 1016. And Vandiver provides no support that he was denied treatment for his Hepatitis C because he is disabled. So, while not argued in the summary judgment briefing, the Court will adopt the Magistrate Judge's dismissal of Vandiver's Count IV against the State Defendants as the parties did address the issue in the objections and the record contains no disputed issue of material fact.

Corizon further argues that Vandiver's § 1983 claims must be dismissed because Vandiver failed to allege any policy, practice, or custom pertaining to Corizon's treatment of Hepatitis C. (R. 30, PID 204–05.) The Court agrees. Indeed, it is likely the dearth of allegations that caused the Magistrate Judge to overlook this claim. As Vandiver has failed to state a claim against Corizon based on the treatment of his Hepatitis C, the Magistrate Judge was correct to dismiss this claim.

With respect to the IIED claim, because Vandiver's federal claims have been dismissed, the Court will decline to exercise supplemental jurisdiction over this state claim. *See Moon v.*

*Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006) ("a federal court that has dismissed a plaintiff's federal-law claims should not ordinarily reach the plaintiff's state-law claims").

This objection is OVERRULED.

**E.**

Vandiver's fifth objection is to the Magistrate Judge's conclusion that he failed to identify material facts he intends to uncover through discovery. (R. 60, PID 690–96.) Relatedly, in part of his second objection, Vandiver claims that the Magistrate Judge should have denied summary judgment on his ADA claim because he did not have an adequate opportunity for discovery to uncover evidence of pretext. (R. 60, PID 680–81.)

Federal Rule of Civil Procedure 56(d) allows a court to defer or deny a motion for summary judgment if a nonmoving party shows through affidavit or declaration that "it cannot present facts essential to justify its opposition." *Bowers v. Ophthalmology Group LLP*, 648 F. App'x 573, 580 (6th Cir. 2016). Vandiver says the 14-page affidavit he attached to his response met the demands of Rule 56. (R. 47, PID 528–41.)

But Vandiver's affidavit does not identify additional information he believes he needs for his opposition. (*See* R. 47, PID 528–41.) Instead, the affidavit re-states his argument. (*See id.*) So the Magistrate Judge correctly determined that Vandiver did not meet the Rule 56(d) standard. Vandiver's fifth objection and second part of his second objection are OVERRULED.

**IV.**

For the reasons stated, the Court will ADOPT the Magistrate Judge's Recommendations. As a result, Corizon's motion to dismiss (R. 30) is GRANTED, the State Defendants' motion for summary judgment (R. 36) is GRANTED, and Vandiver's claims for intentional infliction of

emotion distress are DISMISSED WITHOUT PREJUDICE.

    SO ORDERED.

                                                         s/Laurie J. Michelson
                                                         LAURIE J. MICHELSON
Dated: December 21, 2017            U.S. DISTRICT JUDGE

## **CERTIFICATE OF SERVICE**

    The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 21, 2017.

                                                                           s/Keisha Jackson
                                                                           Case Manager